IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YUE YU, et al.,

        Plaintiffs,

vs.                                                   Civ. No. 97-1491 MV/WWD

DOUGLAS BROWN, et al.,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon Defendants' Motion to Stay Discovery (docket no. 12) filed April 27, 1998.  A similar motion was filed in *Thakore, et al. v. Brown, et al.,* Civ. No. 97-1492 JP/WWD, a companion case which has been consolidated with the instant case for pre-trial matters.  That motion was denied.  In the instant motion, the Defendants argue that "an undue burden" would be placed on them if discovery is allowed to proceed.  Notwithstanding that, Defendants have agreed to coordinate certain mutual discovery in the two companion cases.

      One of the reasons advanced by Defendants for not proceeding with discovery is that their record keeping does not facilitate compilation of a list of the prospective class members in the instant lawsuit.  Given the widespread use of computers in governmental agencies, it is difficult to comprehend why a list meeting the parameters of the class members in this lawsuit could not be compiled from computer records.  I note that Defendants' brief asserts that "the local INS office does not <u>currently</u> keep a separate list of these individuals <u>currently</u> available." (Emphasis supplied.)  There is no assertion that such a list could not be compiled, and I find the overuse of

the adverb "currently" likely to be disingenuous.  In short, I am not persuaded that discovery in this instance would be unduly burdensome on the Defendants.  My reluctance to impose a stay of discovery is also reinforced by the delays allegedly experienced by the Plaintiffs at the hands of Defendants.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Stay Discovery be, and it hereby is, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE