UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

99 JUN -8 PM 1:41

*Robert M. March*
CLERK-SANTA FE

YUE YU,

    Plaintiff,

JU LIN TIEN and CHIA MAO,

    Plaintiffs-Intervenors,

vs.

No. CIV 97-01491 MV/WWD

DOUGLAS BROWN, Officer in Charge,
Albuquerque Suboffice, Immigration &
Naturalization Service; LUIS GARCIA,
District Director, El Paso District of the
Immigration & Naturalization Service;
DORIS MEISSNER, Commissioner,
Immigration & Naturalization Service;
and JANET RENO, Attorney General of
the United States,

    Defendants.

### AMENDED COMPLAINT IN INTERVENTION FOR DECLARATORY RELIEF

    Plaintiffs-Intervenors, by and through their counsel, for their amended complaint in intervention hereby allege as follows:

### PARTIES

1.    Plaintiff-Intervenor Ju Lin Tien (hereinafter, "Tien") is a citizen of the Republic of China (Taiwan). He resides in Albuquerque, New Mexico.

2.    Plaintiff-Intervenor Chia Mao (hereinafter, "Mao") is a citizen of the Republic



of China (Taiwan). She resides in Albuquerque, New Mexico.

3. Defendant Douglas Brown is the Officer in Charge of the Albuquerque Suboffice of the United States Immigration & Naturalization Service ("INS").

4. Defendant Luis Garcia is the District Director of the El Paso, Texas District Office of the INS, which has jurisdiction over INS matters arising in the State of New Mexico.

5. Defendant Doris Meissner is the Commissioner of the INS.

6. Defendant Janet Reno is the Attorney General of the United States. Under 8 U.S.C. §1103, the Attorney General has responsibility for implementing and enforcing the Immigration and Nationality Act, 8 U.S.C. §§1101, et seq., which authority has been delegated to the Commissioner. 8 C.F.R. §2.1.

7. Each Defendant is sued in his or her official capacity.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331, in that this is a civil action arising under the constitution, laws, or treaties of the United States, namely the Immigration and Nationality Act and the Administrative Procedure Act, 5 U.S.C. §§551, et seq., and under 28 U.S.C. §2201, in that this action seeks a declaration of Plaintiffs-Intervenors' rights and Defendants' duties under the Immigration and Nationality Act. The Court also has jurisdiction under 8 U.S.C. §1329, in that this is an action arising under the Immigration and Nationality Act.

9. Venue is proper in this district under 28 U.S.C. §1391(b)(2) inasmuch as a

substantial part of the events or omissions giving rise to the claim occurred in this district.

## CAUSE OF ACTION

10. Under 8 U.S.C. §1101(a)(27)(J), as it existed prior to November 26, 1997, the term "special immigrant" included: an immigrant (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State and who has been deemed eligible by that court for long-term foster care, and (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence

11. A special immigrant is entitled to, among other things, an immigrant visa, regardless of numerical limitations on the number of visas allotted to the special immigrant's country of origin.

12. Under 8 C.F.R. §204.11(c), promulgated by the INS under the statute as it existed prior to November 26, 1997, an alien is entitled to special immigrant status under 8 U.S.C. § 1101(a)(27(J) if the alien (i) is under twenty-one years of age; (ii) is unmarried; (iii) has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court; (iv) has been deemed eligible by the juvenile court for long-term foster care; (v) continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency or eligibility not having been

3

vacated, terminated, or otherwise ended; and (vi) (a) has been the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court in which it has been determined that it would not be in the alien's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents; or (b) on November 29, 1990 met all the eligibility requirements for special immigrant juvenile status and for whom a petition for classification as a special immigrant juvenile was filed before June 1, 1994.

13. Tien and Mao are both unmarried and under twenty-one years of age.

14. The Second Judicial District Court, County of Bernalillo, State of New Mexico, has declared both Tien and Mao to be eligible for long-term foster care and permanent guardianship and has declared them to be dependent on the court. The court also found that it was not in either Tien's or Mao's best interest to be returned to his or her country of nationality, but rather it was in the best interest of each of them that they be made dependents of the court and be placed in the permanent guardianship of citizens of New Mexico. At the time the Orders Appointing Permanent Guardian were entered, Tien and Mao were both residents of the United States and were both subject to the jurisdiction of the Second Judicial District Court.

15. The Orders Appointing Permanent Guardian for Tien and Mao have not been vacated, terminated or otherwise ended, and Tien and Mao continue to be dependent upon the juvenile court and eligible for long-term foster care.

16. On or about January 8, 1997, Tien and Mao both filed Special Immigrant

4

Juvenile Status Applications with the INS's Albuquerque Suboffice on INS Form I-360. Each Special Immigrant Juvenile Status Application was accompanied by the appropriate fee and the required documentation. The documentation and information accompanying each Special Immigrant Juvenile Status Application show that Tien and Mao are eligible for classification as special immigrants under 8 U.S.C. §1101(a)(27)(J) and 8 C.F.R. §204.11, as they existed at the time the Applications were filed. At the same time, Tien and Mao each also filed INS Form I-485, with all necessary documentation, seeking adjustment of their status to that of lawful permanent residents, based on their being special immigrant juveniles.

17. Neither Tien's nor Mao's Special Immigrant Juvenile Status Application has been adjudicated.

18. In late 1997, Congress amended 8 U.S.C. §1101(a)(27)(J), which amendment took effect on November 26, 1997. As amended, that provision defines "special immigrant" as follows:

> (J) an immigrant who is present in the United States:
>
> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State and who has been deemed eligible by that court for long-term foster care due to abuse, neglect, or abandonment;
>
> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and
>
> (iii) in whose case the Attorney General expressly consents to the dependency order serving as a precondition to the grant of

>   special immigrant juvenile status; except that:
>
>   (I) no juvenile court has jurisdiction to determine the custody status or placement of an alien in the actual or constructive custody of the Attorney General unless the Attorney General specifically consents to such jurisdiction; and
>
>   (II) no natural parent or prior adoptive parent of any alien provided special immigrant status under this subparagraph shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter.

(This enactment is referred to hereinafter as "the Amendment".)

19. The Amendment substantially restricts eligibility for special immigrant status and puts entitlement for such status entirely in the discretion of the Attorney General.

20. Defendant Meissner, through her subordinates in the central INS office in Washington, has directed that all Applications for special immigrant status are to be adjudicated under the standards set forth in the Amendment, regardless of when they were filed.

21. Defendants owe Tien and Mao a duty to act on their Special Immigrant Juvenile Status Applications under the law and regulations that existed at the time those Applications were filed.

22. Defendants' decision to adjudicate the Special Immigrant Juvenile Status Applications of Tien and Mao under the provisions of the Amendment is arbitrary, capricious, an abuse of their discretion under the Immigration and Nationality Act, and contrary to law.

23. Tien and Mao have exhausted any administrative remedies that may exist.

6

24. If Tien's and Mao's Applications are adjudicated under the provisions of the Amendment, it is virtually certain that they will be denied, causing Tien and Mao irreparable harm.

25. Under 28 U.S.C. §§1361 and 2201, Tien and Mao are entitled to a judgment declaring that Defendants have a duty to adjudicate their Special Immigrant Juvenile Status Applications under the applicable statute and regulations that were in effect when the Applications were filed.

26. Because this is an action against an agency of the United States or an official of the United States acting in his or her official capacity, and because Tien and Mao are "parties" as defined in 28 U.S.C. §2412(d)(2)(B), Tien and Mao are entitled to recover their costs in bringing this action, pursuant to 28 U.S.C. §2412(a)(1), and the fees and expenses of their attorneys, pursuant to 28 U.S.C. §2412(d)(l)(A).

WHEREFORE, Tien and Mao respectfully requests that the Court:

(a) declare that Defendants and those acting under them have a duty to adjudicate the Special Immigrant Juvenile Status Applications filed by Tien and Mao under the provisions of 8 U.S.C. §1101(a)(27)(J) and 8 C.F.R. §204.11, as they existed prior to the Amendment;

(b) grant such other and further relief as is proper and just under the circumstances: and

(c) upon proper Application, grant Plaintiffs their attorneys' fees and costs.

Respectfully submitted,

JOHN W. LAWIT, P.C.
John W. Lawit
900 Gold, SW
Albuquerque, New Mexico 87102-3043
(505) 243-0733

ROTHSTEIN, DONATELLI, HUGHES,
 DAHLSTROM, CRON & SCHOENBURG, LLP
Richard W. Hughes
John L. Sullivan
Post Office Box 8180
500 Montezuma Avenue, Suite 101
Santa Fe, New Mexico 87504-8180
(505) 988-8004

By: _____
Attorneys for Plaintiffs-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 1999, I caused a true copy of the foregoing to be served upon the following opposing counsel of record:

    Michael H. Hoses
    Assistant United States Attorney
    Post Office Box 607
    Albuquerque, New Mexico 87103

    Hugh G. Mullane, Attorney
    Office of Immigration Litigation
    Civil Division
    U.S. Dept. of Justice
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044

by depositing the same in the U.S. mail, first class postage prepaid.

_____
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, CRON & SCHOENBURG, LLP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 JUN -8 PM 1:06

Robert M. March
CLERK-SANTA FE

YUE YU,

      Plaintiff,

JU LIN TIEN and CHIA MAO,

      Plaintiffs-Intervenors,

vs.

DOUGLAS BROWN, Officer in Charge,
Albuquerque Suboffice, Immigration &
Naturalization Service; LUIS GARCIA,
District Director, El Paso District of the
Immigration & Naturalization Service;
DORIS MEISSNER, Commissioner,
Immigration & Naturalization Service;
and JANET RENO, Attorney General of
the United States,

      Defendants.

No. CIV 97-01491 MV/WWD

### ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT IN INTERVENTION

This matter having come before the Court on the unopposed motion of Plaintiffs-Intervenors Ju Lin Tien and Chia Mao for leave to file an Amended Complaint in Intervention, and good cause being shown it is hereby

ORDERED, that the Motion for Leave to File Amended Complaint in Intervention be and the same is hereby GRANTED, and the Clerk shall file the proposed Amended Complaint in

Intervention attached to the Motion as the Complaint in Intervention herein.

**MARTHA VAZQUEZ**
United States District Judge

Submitted by:

_____
Attorneys for Plaintiffs in Intervention

Approved:

_____
Attorneys for Defendants
Hugh Mullane (approved telephonically 6/4 RWH)